IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL GARCIA, | ) |
|    Petitioner, | ) ) ) |
| v. | )   CASE NO. 2:17-cv-327-RAH-CSC )                (WO) |
| UNITED STATES OF AMERICA, | ) ) |
|    Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 15, 2017, Petitioner Daniel Garcia filed a 28 U.S.C. § 2255 motion in this Court challenging his 2016 guilty plea conviction for possession with intent to distribute cocaine and his resulting 57-month sentence. Doc. 1. Garcia's § 2255 motion included a claim that his former counsel, Pate DeBardeleben, was ineffective for failing to file a requested direct appeal. Doc. 1 at 8–9; *see* Doc. 17 at 2–3. In response to that claim, DeBardeleben filed an affidavit with the Court averring that Garcia did not ask him to file an appeal (Doc. 20), and the government argued that Garcia's allegations in this regard were conclusory and insufficiently specific (Doc. 21 at 4–5).

The Federal Bureau of Prisons' online database (https://www.bop.gov/inmateloc/) indicates that Garcia was released from federal incarceration on November 14, 2019. At his August 2016 sentencing, the district court ordered Garcia's term of incarceration to be followed by two years of supervised release but that, because Garcia was a Mexican national unlawfully in the United States, he was, upon completion of his incarceration, to

be remanded to the custody of the Bureau of Immigration and Customs Enforcement for deportation proceedings under the Immigration and Nationality Act. Doc. 9-7 at 8–9.

On September 26, 2023, the Court entered an order stating that, if a disputed question of material fact existed as to whether Garcia had asked DeBardeleben to file an appeal, an evidentiary hearing, at which Garcia's presence and testimony would be required, would be necessary to resolve the disputed fact question. Doc. 27. In light of Garcia's completion of his federal sentence and term of supervised release and his possible deportation since filing his § 2255 motion, the Court ordered Garcia to inform the Court by October 16, 2023, if he wished to prosecute this action and pursue the claims in his § 2255 motion, in particular, his claim that DeBardeleben was ineffective for failing to file a requested direct appeal. Doc. 27 at 2. Garcia was specifically cautioned that if failed to respond to the order, the Court would conclude that he no longer desired to prosecute this case and that the case would be dismissed. *Id*.

Garcia has submitted no response to the Court's order of September 26, 2023. Thus, he did not comply with that order. Because Garcia has failed to file a response in compliance with the order of September 26, 2023, the undersigned concludes that he no longer desires to prosecute this case and that the case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

Based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders.

It is further ORDERED that by **December 13, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of November 2023.

   /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE